IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MICHAEL BENSON,                    )
                                   )
              Plaintiff,           )    Civil Action No. 01-1229
                                   )
         vs.                       )    Magistrate Judge Caiazza[1]
                                   )
JOAN DELIE, R.N., and DR.          )
EDWARD SWIERCZEWSKI,               )
                                   )
              Defendants.          )

MEMORANDUM AND ORDER

I.   MEMORANDUM

     For the reasons that follow, the Defendant Joan Delie's

Motion for Summary Judgment (Doc. 84) will be granted.

     Prisoner Michael Benson ("the Plaintiff" or "Benson") filed

this action against two defendants, Dr. Edward Swierczewski and

Joan Delie, R.N. ("Nurse Delie"), alleging violations of the

Eighth Amendment.  Summary judgment already has been entered in

favor of Dr. Swierczewski, *see* Docs. 17 & 29, so the case now

proceeds against Nurse Delie only.

     Essentially, Benson contends that Nurse Delie, who was the

Health Care Administrator at the State Correctional Institution

at Pittsburgh (SCI-Pittsburgh), denied him treatment for

Hepatitis C because she failed to satisfy the treatment criteria

_____

1.  On March 25, 2004, and with the consent of the parties, District
Judge Arthur J. Schwab referred this case to the undersigned to
conduct all proceedings and order the entry of judgment in accordance
with 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73.  *See* Consent to
Exercise of Jurisdiction by U.S. Mag. Judge & Order of Ref. (Doc. 58).

set out in the Department of Corrections' (DOC) treatment
protocol.  Nurse Delie has filed a Motion for Summary Judgment,
which is now ripe for adjudication.

**<u>ANALYSIS</u>**

In order to prove the subjective component of his Eighth
Amendment claim, the Plaintiff has the burden of proving that the
Defendant acted with deliberate indifference.  *See* <u>Estelle v</u>
<u>Gamble</u>, 429 U.S. 97 (1976).  The Supreme Court has explained that
"deliberate indifference" occurs when a "prison official knows of
and disregards an excessive risk to inmate health or safety; the
official must both be aware of facts from which the inference
could be drawn that a substantial risk of serious harm exists and
he must also draw the inference."  *See* <u>Farmer v. Brennan</u>,
511 U.S. 825, 837 (1994).  As a corollary of the deliberate
indifference standard, claims rising only to the level of
negligence are insufficient to state an Eighth Amendment
violation.  *See* <u>Estelle</u>, 429 U.S. at 105-06.

Nurse Delie has submitted an affidavit stating that, in her
role as Health Care Administrator, she was responsible only for
monitoring the medical care provided for inmates at SCI-
Pittsburgh and for assuring that DOC policy was adhered to by
medical personnel.  *See* Doc. 84, Attach. B.  Accordingly, Nurse
Delie was not responsible for directly providing treatment to
inmates, and there is no evidence in the record to the contrary.

-2-

Consequently, Benson's Eighth Amendment claim has no merit because Nurse Delie was not charged with the responsibility of formulating a medical regimen for inmates.

Reading the Compliant more liberally, however, Benson complains that the Defendant was deliberately indifferent to his serious medical needs because she failed to properly enforce the DOC treatment protocol concerning Hepatitis C.

In her affidavit, Nurse Delie explains that the Plaintiff "was excluded from treatment of Hepatitis C during this time period because his ALT's[2] were normal," and because he had a positive urine test for marijuana. *See* Attachmts. 2 & 4 to Doc. 84 (lab reports and 30 day review and grievance number PIT 193-00). Nurse Delie has submitted the Hepatitis C protocol, which sets out the reasons an inmate could be excluded from treatment of Hepatitis C. *See* Doc. 24, Attach. B, Ex.3. She also has included an Exhibit setting out the reasons that supported Benson's exclusion from the treatment program. *See* Doc. 84, Attach. B at ¶ 27.

---

2.   ALT is "[a]n enzyme that is normally present in liver and heart cells.  ALT is released into blood when the liver or heart is damaged. The blood ALT levels are thus elevated with liver damage (for example, from viral hepatitis) or with an insult to the heart (for example, from a heart attack)." *See* website at http://www.medterms.com/script/main/art.asp?articlekey=6583.

The Defendant also has provided the court with the DOC Hepatitis C Protocol. *See* Doc. 84, Attach. B, Ex. 3 at 3-4. The Protocol contains exclusion criteria, one of which is the use of illicit drugs as evidenced by a positive drug test. *See id.; see also* <u>Rose v. Alvees</u>, 2004 WL 2026481, *3 (W.D.N.Y., Sept. 9, 2004) ("[a]s a result of the potential adverse effect of drugs and alcohol on the liver, it is a medical contradiction for someone with drug or alcohol abuse to undergo Hepatitis C treatment").

As referenced above, Benson tested positive for the use of marijuana in February 2000. *See* Doc. 84, Attach. B at ¶ 27; Attach. B at Ex. 4 (Program Review Committee review of disciplinary confinement for Plaintiff's use of drugs). Moreover, the Plaintiff eventually received Hepatitis C treatment beginning in September 2001 and ending in September 2002. *See* Doc. 84, Attach. A at ¶¶ 34 & 57 (aff. of Dr. Swierczewski).

Because Benson's ALT level was normal and because he tested positive for drug use sometime in February 2000, and considering the potential risks associated with the drug use in conjunction with an Hepatitis C infection, there is no genuine issue of material fact with respect to the question of whether Defendant Delie acted with deliberate indifference when she enforced the DOC treatment protocol. The record is clear that, during the relevant time frame, Benson was not a candidate for participation

in the Hepatitis protocol and there is nothing in the record to support a contrary conclusion.  Parenthetically, evidence produced by Benson himself supports Delie's argument.  *See* Doc. 87, Ex. D (correspondence from Defendant Delie to Superintendent Johnson indicating that Plaintiff "was placed on the Hepatitis Protocol but he was excluded at this time due to positive urine on 2/2/00").

For the reasons stated above, the Plaintiff's Eighth Amendment claim cannot withstand the Defendant's Motion for Summary Judgment.[3]  Accordingly, the Court hereby enters the following:

## II.  ORDER

The Defendant Joan Delie, R.N.'s Motion for Summary Judgment (**Doc. 84**) is hereby **GRANTED**.

IT IS SO ORDERED.


August 9, 2005                          S/Francis X. Caiazza
                                        Francis X. Caiazza
                                        U.S. Magistrate Judge


---

2. In opposing summary judgment, the Plaintiff attempts to raise for
the first time a Fourteenth Amendment claim.  He cannot, however,
raise a new cause of action in a response to a summary judgment
motion.  *See* Grayson v. Mayview State Hospital, 293 F.3d 103, 109 n.9
(3d Cir. 2002.

cc:

Michael A. Benson
FM-4852
SCI Frackville
1111 Altamont Boulevard
Frackville, PA  17931-2699

Craig E. Maravich, Esq.
Office of the Attorney General
564 Forbes Avenue
6th Floor, Manor Complex
Pittsburgh, PA  15219